JOSHUA DICKERSON, Appellant, *v.* TRUELOVE SPARKS, Appellee.

### APPEAL FROM MACOUPIN.

In an action for corn sold and delivered, it is for the jury to determine from the evidence the quantity sold, and the plaintiff need not necessarily prove the exact quantity delivered.

The competency of evidence is for the court to decide, and the jury will pass upon it according to its weight and preponderance when it has been submitted to them.

THE only question submitted to the court by this record, is fully stated in the opinion.

D. A. SMITH, for Appellant.

J. M. PALMER, for Appellee.

SKINNER, J.  Assumpsit by Sparks against Dickerson, to recover for corn sold and delivered.

The defendant below asked for the following instruction, which the court refused to give : " That before the plaintiff can recover in this case on a contract for sale and delivery of corn, he must prove clearly and specifically by competent evidence the quantity of corn, and that the statement of plaintiff's witness, that his father had exhibited a memorandum book of the quantity of corn, is not such evidence."

The court properly refused the instruction.  The plaintiff had proved the sale and delivery of corn by him to the defendant, but the precise *quantity* so delivered, did not from the evidence with certainty appear.  It was for the jury from the evidence to determine as to the *quantity*, and it was not necessary to a recovery, that the plaintiff should prove the *exact* quantity of corn delivered.

It would be equivalent to a denial of justice in suits arising out of transactions of daily occurrence, to lay down such a rule. The language of the instruction, " clearly and specifically, and by competent evidence," is objectionable and well calculated to deceive and mislead a jury, and should upon that ground have been refused.

The competency of the evidence was for the court, and the jury were to determine the questions of fact submitted to them from the evidence, and according to its weight and preponderance.

This is the only question presented by the record for decision of this court.

*Judgment affirmed.*